UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| CANDY PENROD, Personal Representative of the Estate of JOSEPH MCCLIMANS, Deceased, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 2:18 CV 219 ) |
| QUALITY CORRECTIONAL CARE LLC, *et al.*, | ) ) ) |
| Defendants. | ) |

## OPINION and ORDER

This matter is before the court on defendants Quality Correctional Care, LLC and Kathy Hall's partial motion to dismiss. (DE # 24.) For the following reasons, defendants' motion will be granted.

### I.  BACKGROUND

Plaintiff, the personal representative of the Estate of Joseph McClimans, alleges that while McClimans was incarcerated at the Tippecanoe County Jail defendants ignored his complaints of chest pain, contributing to his death as a result of a heart attack. (DE # 7 at 3-4.) Plaintiff's complaint alleges causes of action for negligence, breach of contract, and deliberate indifference to McClimans' serious medical need.

At the time of McClimans' incarceration, Quality Correctional Care had a contract with the Board of Commissioners of Tippecanoe County for the provision of medical care for the inmates at the Tippecanoe County Jail. (DE # 25-1.) Plaintiff alleges that Quality Correctional Care breached its contract with Tippecanoe County and this

breach was responsible for the decedent's death. (DE # 7 at 5.) Plaintiff seeks damages based on breach of contract. (*Id.*)

The contract states that the parties entered into the agreement "for the purpose of contracting professional, quality healthcare services to Tippecanoe County inmates of the Tippecanoe County Jail[.]" (DE # 25-1 at 1.)[1] The contract also states, "this agreement is not Intended to create a private action for the benefit of a third party." (*Id.* at 10.)

The moving defendants, Quality Correctional Care and Kathy Hall (hereinafter "defendants"), filed a motion to dismiss plaintiff's breach of contract claim on the basis that plaintiff failed to allege facts that could support a conclusion that McClimans was a third-party beneficiary of Quality Correctional Care's contract with Tippecanoe County. (DE # 24.) The motion is fully briefed and is now ripe for ruling.

## II. LEGAL STANDARD

Defendants styled their motion as a motion to dismiss. However, in response to plaintiff's complaint, defendants filed an answer. (DE # 10.) Four months later, defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (DE # 19.) A motion asserting any of the defenses identified in Rule 12(b) "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). However, this error is of no consequence, as " '[a] motion to dismiss made after

---

[1] This court may consider the contract without converting the motion to dismiss to one for summary judgment because plaintiff's complaint referred to and rests on the contract. *See Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012).

the filing of an answer serves the same function as a motion for judgment on the pleadings and may be regarded as one.' " *Saunders-El v. Rohde*, 778 F.3d 556, 559 (7th Cir. 2015) (quoting *Schy v. Susquehanna Corp.*, 419 F.2d 1112, 1115 (7th Cir. 1970)). Moreover, "Rule 12(h)(2) expressly authorizes a party to file a motion to dismiss for failure to state a claim pursuant to Rule 12(c)[.]" *Id.* Motions under Rule 12(b)(6) and Rule 12(c) are analyzed under the same standard. *Pisciotta v. Old Nat'l Bancorp.*, 499 F.3d 629, 633 (7th Cir. 2007).

In reviewing this motion, the court must construe the allegations in the complaint in the light most favorable to the non-moving party, accept all well-pleaded facts as true, and draw all reasonable inferences in favor of the non-movant. *United States ex rel. Berkowitz v. Automation Aids, Inc.*, 896 F.3d 834, 839 (7th Cir. 2018).

Under the liberal notice-pleading requirements of the Federal Rules of Civil Procedure, the complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "While the federal pleading standard is quite forgiving, . . . the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ray v. City of Chicago,* 629 F.3d 660, 662-63 (7th Cir. 2011); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

To meet this standard, a complaint does not need detailed factual allegations, but

it must go beyond providing "labels and conclusions" and "be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. As the Seventh Circuit explained, a complaint must give "enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). Even if the truth of the facts alleged appears doubtful, and recovery remote or unlikely, the court cannot dismiss a complaint for failure to state a claim if, when the facts pleaded are taken as true, a plaintiff has "nudged their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 555, 570.

**III. DISCUSSION**

The question before the court is whether plaintiff's complaint has alleged a third-party beneficiary claim. "Generally, only those who are parties to a contract, or those in privity with a party, have the right to recover under a contract. However, an entity that is not a party to the contract may enforce the provisions of the contract by demonstrating that it is a third-party beneficiary thereto." *Alexander v. Linkmeyer Dev. II, LLC*, 119 N.E.3d 603, 613–14 (Ind. Ct. App. 2019) (internal quotation omitted).

A party claiming to be a third-party beneficiary must show: "(1) A clear intent by the actual parties to the contract to benefit the third party; (2) A duty imposed on one of the contracting parties in favor of the third party; and (3) Performance of the contract terms is necessary to render the third party a direct benefit intended by the parties to the contract." *Eckman v. Green*, 869 N.E.2d 493, 496 (Ind. Ct. App. 2007). "Among these

4

three factors, the intent of the contracting parties to benefit the third-party is controlling." *Alexander*, 119 N.E.3d at 613 (internal quotation omitted).

To demonstrate intent, "[a] third party must show that it will derive more than an incidental benefit from the performance of the promisor." *Id.* (internal quotation omitted). "[I]t must clearly appear that it was the purpose or a purpose of the contract to impose an obligation on one of the contracting parties in favor of the third party. It is not enough that performance of the contract would be of benefit to the third party." *Cain v. Griffin*, 849 N.E.2d 507, 514 (Ind. 2006) (internal quotation omitted). "The intent of the contracting parties to bestow rights upon a third party must affirmatively appear from the language of the instrument when properly interpreted and construed." *Id.* (internal quotation omitted).

However, "Indiana courts [] recognize that the general third-party beneficiary rule is a default rule, which can be altered by express agreement of the parties." *Advanced Ground Sys. Eng'g, Inc. v. RTW Indus., Inc.*, 388 F.3d 1036, 1043 (7th Cir. 2004). Thus, where there is a contract provision expressly stating that nothing within the contract should be construed as creating any third-party beneficiaries, this is enough to defeat a third-party beneficiary claim. *Id.*

In this case, McClimans was not a party to the contract and was not in privity with any of the parties. Therefore, the question is whether the complaint has alleged that he was an intended third-party beneficiary of the contract.

This court must read the plain language of the contract in context and "whenever possible, constru[e] it so as to render each word, phrase, and term meaningful, unambiguous, and harmonious with the whole." *Citimortgage, Inc. v. Barabas*, 975 N.E.2d 805, 813 (Ind. 2012). Here, the contract specifically states, "this agreement is not Intended to create a private action for the benefit of a third party." (DE # 25-1 at 10.) Thus, by its express terms, the contract is intended to benefit Tippecanoe County and Quality Correctional Care, and no one else. Individuals who received care as a result of this contract are incidental beneficiaries only. *See Flournoy v. Ghosh*, No. 07 C 5297, 2010 WL 1710807, at *3 (N.D. Ill. Apr. 27, 2010) (granting prison medical provider's motion to dismiss prisoner's third-party beneficiary claim where the contract expressly disclaimed the existence of third-party beneficiaries; prisoner was an incidental beneficiary only); *see also Giles v. Brown Cty. ex rel. its Bd. of Comm'rs*, 868 N.E.2d 478, 480 (Ind. 2007) (noting that the county commissioner's contract for ambulance services was intended to benefit the county as a whole, not any particular individual; therefore, the contract could not have created any third-party beneficiaries).

Plaintiff argues that the question of intent is a question of fact that cannot be resolved at this stage of the proceedings. Plaintiff identifies several points in the contract where the parties agreed that Quality Correctional Care would provide care "for" inmates of the jail. According to plaintiff, this language creates ambiguity regarding the intent of the contracting parties to make the inmates third-party beneficiaries, and creates a question of fact. This is not so, for two reasons.

6

First, plaintiff misconstrues the intent required under Indiana law to create a third-party beneficiary. "The intent necessary to the third-party's right to sue is not a desire or purpose to confer a particular benefit upon the third-party nor a desire to advance his interest or promote his welfare, but an intent that the promising party or parties shall assume a direct obligation to him." *Nat'l Bd. of Examiners for Osteopathic Physicians & Surgeons, Inc. v. Am. Osteopathic Ass'n*, 645 N.E.2d 608, 618 (Ind. Ct. App. 1994). Here, the parties expressly denied such an intent.

Second, the question of intent is determined as a matter of law if the parties' contract is unambiguous. "Indiana follows 'the four corners rule' that extrinsic evidence is not admissible to add to, vary or explain the terms of a written instrument if the terms of the instrument are susceptible of a clear and unambiguous construction." *Univ. of S. Indiana Found. v. Baker*, 843 N.E.2d 528, 532 (Ind. 2006) (internal citation and quotation marks omitted). "A document is not ambiguous merely because parties disagree about a term's meaning. Rather, language is ambiguous only if reasonable people could come to different conclusions as to its meaning." *Id.* (internal citations omitted). *See also Huffman v. Monroe Cty. Cmty. Sch. Corp.*, 588 N.E.2d 1264, 1267 (Ind. 1992) (other evidence may be utilized to determine the parties' true intentions regarding a document's application only if contradictory references cloud the intent of the parties).

Courts applying Indiana law have found that contracts containing a 'no third-party beneficiaries' clause clearly and unambiguously demonstrated that the parties did

7

not intend to create third-party beneficiaries, and therefore no extrinsic evidence was admissible to explain the parties' intent. For example, in *Indiana Gaming Co., L.P. v. Blevins*, the Indiana appellate court considered the viability of a third-party beneficiary claim where the contract at issue expressly stated that there were no third-party beneficiaries to the contract. 724 N.E.2d 274, 277–79 (Ind. Ct. App. 2000). The Court held that the 'no third-party beneficiaries' clause unambiguously precluded the plaintiffs from being third-party beneficiaries to the contract. *Id.* at 278. The Court stated, "[w]e [] should make every effort to avoid a construction of contractual language that renders any words, phrases, or terms ineffective or meaningless. Courts should presume that all provisions included in a contract are there for a purpose and, if possible, reconcile seemingly conflicting provisions to give effect to all provisions." *Id.* (internal citations omitted). The Court held that allowing the plaintiffs to proceed as third-party beneficiaries would render one of the provisions of the contract (the 'no third-party beneficiaries' clause) meaningless. *Id.* The Court refused the requested interpretation and held that the plaintiffs could not enforce the contract as third-party beneficiaries. *Id.*

The Seventh Circuit adopted *Blevins* and its line of reasoning in rejecting a third-party beneficiary claim in *Advanced Ground Sys. Eng'g, Inc. v. RTW Indus., Inc.*, 388 F.3d 1036, 1043 (7th Cir. 2004). *See also Karum Holdings LLC v. Lowe's Companies, Inc.*, 895 F.3d 944, 954 (7th Cir. 2018) (noting that plaintiff could not have pled a third-party beneficiary claim where the agreement at issue contained a 'no third-party beneficiaries' clause)*; Bowman v. Int'l Bus. Machines Corp.*, 853 F. Supp. 2d 766, 769–72 (S.D. Ind. 2012)

8

('no third-party beneficiaries' clause was an unambiguous expression of the parties' intent not to create third-party beneficiaries).

Other courts within this Circuit have rejected claims by prisoners setting themselves out to be third-party beneficiaries to prison medical care contracts, where the contract contained a 'no third-party beneficiaries' clause. *See e.g. Flournoy*, 2010 WL 1710807 at *3; *Johnson v. Shah*, No. 15-CV-344-SMY-RJD, 2018 WL 724427, at *8 (S.D. Ill. Feb. 6, 2018) (applying Illinois law, granting summary judgment in favor of prison medical care provider on prisoner's breach of contract claim where medical care contract expressly disavowed the creation of any third-party beneficiaries).

In fact, courts have rejected such claims, even where the contract at issue did not have a clause denying the existence of third-party beneficiaries. *See Larue v. Mills*, No. 18 C 932, 2019 WL 3195140 (N.D. Ill. July 15, 2019) (granting prison medical care provider's motion to dismiss prisoner's breach of contract claim where, under Illinois law, prisoners were not intended third-party beneficiaries of prison's contract with medical care provider); *Harper v. Corizon Health Inc.*, No. 217CV00228JMSDLP, 2018 WL 6019595 (S.D. Ind. Nov. 16, 2018), appeal dismissed, No. 18-3641, 2019 WL 2483321 (7th Cir. Mar. 21, 2019) (granting prison medical care provider's motion for summary judgment on prisoner's breach of contract claim where there was no intent by provider or department of corrections to confer rights upon inmates in their medical care contract); *Rowe v. Coomer*, No. 117CV00599SEBMPB, 2018 WL 3375066 (S.D. Ind. July 10, 2018), order amended on denial of reconsideration sub nom. *Rowe v. Meghan Miller HSA*, No.

117CV00599SEBMPB, 2018 WL 4636213 (S.D. Ind. Sept. 25, 2018) (same); *Barnett v. Wexford Health Sources, Inc.*, No. 118CV01716JRSMPB, 2019 WL 6909581 (S.D. Ind. Dec. 19, 2019) (same).

In this case, to accept plaintiff's interpretation of the contract would be to render other language in the contract meaningless. The court must try to avoid such an interpretation. *See Advanced Ground Sys. Eng'g, Inc.*, 388 F.3d at 1043. Because the contract can be read in such a manner as to give meaning to each part of the contract, the court rejects plaintiff's proposed interpretation. The language of the contract is clear and unambiguous; the parties did not intend to create any third-parties beneficiaries to their contract. Accordingly, defendants' motion to dismiss plaintiff's breach of contract claim will be granted.

## IV. CONCLUSION

For the foregoing reasons, the court **GRANTS** defendants Quality Correctional Care, LLC and Kathy Hall's partial motion to dismiss. (DE # 24.)

**SO ORDERED.**

Date: February 5, 2020

s/James T. Moody_____
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT